# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TAHA ALI MAJMAIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1035-D |
| | ) | |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Petitioner Taha Ali Majmaie filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. No. 1]. Petitioner challenges his re-detention by the United States Immigration and Custom Enforcement ("ICE") on various grounds, to include Petitioner's claim that ICE failed to follow required procedures when re-detaining Petitioner. *Id.* Respondents filed a Response in Opposition. [Doc. No. 11]. The matter was referred to United States Magistrate Judge Suzanne Mitchell, pursuant to 28 U.S.C. § 636(b)(1)(B), (C). [Doc. No. 3].

On July 10, 2026, the magistrate judge issued a Report and Recommendation ("Report") [Doc. No. 12], in which she recommends that the Petition be granted to the extent it requests habeas relief under 28 U.S.C. § 2241, and further recommends that Petitioner be released from custody immediately, subject to an appropriate Order of Supervision. *Id.* On July 13, 2026, Respondents filed an Objection to the Report. [Doc. No. 13]. Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the

recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In the Report, the magistrate judge provided the following factual background, which was not contested by the parties. Petitioner is a citizen of Iraq who was admitted to the United States as a refugee on or about June 3, 2013. [Doc. No. 12, at p. 2]. Following multiple controlled substance convictions in Texas state court, the Department of Homeland Security (DHS) served Petitioner with a Notice to Appear on January 21, 2020, charging him as removable under § 237(a)(2)(B)(i) of the Immigration and Nationality Act (INA). *Id.* On July 28, 2020, an immigration judge ordered Petitioner removed to Iraq, but granted him a deferral of removal under the Convention Against Torture. *Id.* at p. 3. Petitioner's removal order became administratively final on June 9, 2021. *Id.* DHS could not effectuate his removal, so ICE released him subject to an Order of Supervision ("OOS") on June 2, 2021, which required him to report yearly. *Id*.

On November 18, 2025, Petitioner was re-detained by ICE when he appeared at the ICE Dallas Field Office for his scheduled reporting appointment. *Id.* On November 19, 2025, ICE served Petitioner with an I-205 Warrant of Removal/Deportation. *Id.* at p. 4. On December 3, 2025, a deportation officer contacted removal operations headquarters to request a third country removal for Petitioner. *Id*. On December 4, 2025, ICE contacted the State Department to request assistance with removal to a third country. *Id*. The State Department acknowledged its receipt of ICE's request on December 11, 2025. *Id.*

On June 3, 2026, Deportation Officer Romeo Foncha stated that, "[b]ased on DHS'[s] efforts to obtain travel documents and arrange third country removal," he believes

Petitioner's removal "to a third country is significantly likely in the reasonably foreseeable future." *Id.* Respondents have not identified any third country to which Petitioner might be removed, nor do they represent that any third country has agreed to accept him or issued travel documents for him. Petitioner is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma.

In the Report, the magistrate judge concluded that ICE failed to abide by its regulations when it revoked Petitioner's OOS. Specifically, the magistrate judge agreed with Petitioner that ICE failed to comply with 8 C.F.R. § 241.13(i). Section 241.13(i) governs revocations of release, providing in relevant part:

> (2) Revocation for removal. The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. …

8 C.F.R. § 241.13(i)(2).

The magistrate judge determined that ICE violated § 241.13(i)(2), finding that there was "nothing in the record before the Court to reflect an individualized determination by ICE that circumstances had changed to make Petitioner's removal significantly more likely at the time of Petitioner's re-detention." [Doc. No. 12, at p. 8].[1] Specifically, the magistrate judge noted that all the evidence the Respondents rely upon occurred after Petitioner's re-detention. *Id.* Indeed, the request to headquarters and the State Department did not occur until December 2025. *Id.* Moreover, the magistrate judge determined that the requests do

---

[1] Due to this finding, the magistrate judge did not consider Petitioner's remaining arguments for habeas relief.

not evidence a change of circumstances when Petitioner was re-detained, as they "amount to no more than internal agency communications that never reached any country with authority to accept Petitioner." *Id.* at p. 9-10. The magistrate judge further provided that Respondents failed to identify any third country that they have corresponded with regarding Petitioner's removal or any country that has agreed to accept him, despite having over eight months to do so. *Id.* at p. 10.

In their Objection, Respondents assert that circumstances have changed because generally ICE "actively pursues third-country removals, granting the agency expanded options." [Doc. No. 13, at p. 2]. Thus, Respondents assert that circumstances have changed here because a third country removal is likely to occur.

The Court finds that the Respondents have not sufficiently demonstrated that, on account of changed circumstances, there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future pursuant to 8 C.F.R. § 241.13(i)(2). *See Pham v. Bondi*, No. CIV-25-1157-SLP, 2025 WL 3243870, at *2 (W.D. Okla. Nov. 20, 2025) ("The Court finds the magistrate judge correctly placed the burden on Respondents to establish a significant likelihood of removal in the reasonably foreseeable future in the context of re-detention under § 241.13(i)(2)."); *Ye v. Bondi*, No. CIV-25-1230-D, 2025 WL 3485420, at *2 (W.D. Okla. Dec. 4, 2025) (same). Indeed, merely because ICE has recently started pursuing third country removals for detainees in general does not make Petitioner's removal likely in the reasonably foreseeable future, and particularly, when Respondents have failed to identify any third country that ICE is meaningfully corresponding with regarding Petitioner's removal or any third country that has agreed to accept Petitioner,

despite having over eight months to do so. *See Hamidi v. Bondi*, No. CIV-25-1205-G, 2025 WL 3452454, at *4 (W.D. Okla. Dec. 1, 2025) (finding the respondents' assertions of a mere likelihood that petitioner could be removed "inadequate to satisfy § 241.13(i)(2)").

For these reasons, the magistrate judge's Report and Recommendation [Doc. No. 12] is **ADOPTED** to the extent that the failure to adhere to 8 C.F.R. § 241.13(i)(2) compels habeas relief under the circumstances of this case.[2]

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED** to the extent it requests habeas relief pursuant to 28 U.S.C. § 2241.

**IT IS FURTHER ORDERED** that Respondents are directed to immediately release Petitioner, subject to the terms of his previous Order of Supervision. Respondents shall submit a declaration, pursuant to 28 U.S.C. § 1746, within 7 days of the date of this Order, affirming Petitioner's release from custody.

**IT IS SO ORDERED** this 5th day of August, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Nothing herein should be construed to foreclose the actual receipt of a travel document for Petitioner as the type of changed circumstance that would allow for compliance with § 241.13(i)(2).

5